IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ISKENDER ALMAZOV,<br><br>      Petitioner,<br><br>v.<br><br>CORY WILLIAMS, in his official capacity as Chief Jail Administrator of Polk County Jail; PAMELA BONDI, in her official capacity as United States Attorney General; DAVID EASTERWOOD, in his official capacity as St. Paul Field Office Director of Immigration and Customs Enforcement and Removal Operations; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,<br><br>      Respondents. | **No. 4:26-cv-00080-RGE-HCA**<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Iskender Almazov commences this action against Respondents Cory Williams, in his official capacity as Chief Jail Administrator of Polk County Jail; Pamela Bondi, in her official capacity as United States Attorney General; David Easterwood, in his official capacity as St. Paul Field Office Director of Immigration and Customs Enforcement and Removal Operations; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Almazov alleges he was arrested and is being detained by Respondents in violation of the Constitution and laws of the United States. *Id.* ¶ 6. Almazov seeks an immediate order preventing respondents from transferring Almazov out of district. *Id.* ¶ 90. He also moves for an order requiring Respondents to release him from custody or provide him with a bond hearing

pursuant to 8 U.S.C. § 1226(a) within seven days. *Id.* Almazov also requests the Court issue a show cause order requiring Respondents to show why he is not being unlawfully detained. *Id.* at 20.

The petition alleges Almazov is a thirty-seven-year-old Russian native and citizen. *Id.* ¶¶ 18, 49. He entered the United States on April 30, 2023. *Id.* ¶ 52. Almazov was paroled pursuant to 8 U.S.C. §1182(d)(5) to allow him to apply for asylum. *Id.*

Respondents later initiated removal proceedings under 8 U.S.C. § 1229a against Almazov and issued a notice to appear on July 25, 2023, for a hearing in immigration court. *Id.* ¶¶ 53, 55. In November 2023, Almazov applied for asylum. *Id.* ¶ 54.

On February 10, 2026, Respondents took Almazov into custody. Id. ¶ 56. He is currently detained in Polk County Jail. *Id.* ¶¶ 57–58.

The Court has jurisdiction over a habeas petition pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001). Section 1252(g) does not preclude the Court from reviewing the legality of Almazov's detention. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (limiting the jurisdiction-stripping provision of § 1252(g) to "three discrete actions:" the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'" (quoting 8 U.S.C. § 1252(g)) (emphasis removed)).

The Court may "employ procedures necessary" to maintain proper jurisdiction over an action and to "promote the resolution of issues in a case properly before it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (stating the All Writs Act and procedures undertaken pursuant to the Act properly "aid[s] the court in the exercise of its jurisdiction" when the procedures "facilitate[e] . . . the court's effort to manage the case to judgment"); *see* 28 U.S.C. § 1651.

Almazov appears to challenge his continued detention without an individualized bond

hearing. *See* ECF No. 1 ¶ 29 (stating "[t]his case concerns the detentions provisions at § 1226(a) and § 1225(b)(2)). Although unclear, the Court construes Almazov's filings as asserting he is being detained pursuant to the mandatory detention framework of 8 U.S.C. § 1225(b), which requires detention pursuant to expedited removal proceedings. *See id.* Almazov argues he is not subject to mandatory detention under the § 1225(b) framework because he was granted parole upon entering the United States and "there have been no changes to [Almazov]'s facts or circumstances t[o] support detention [now]." *Id.* ¶ 80. "The government [] does not have the authority to arrest a noncitizen who has been granted parole without properly terminating that parole . . . or unless there is some other valid reason to arrest him." *Mata Velasquez v. Kurzdorfer,* 794 F. Supp. 3d 128, 145 (W.D.N.Y. 2025) (citation omitted). There is no indication on the face of Almazov's petition whether Respondents properly terminated his parole or otherwise had a valid reason to arrest him. *Cf. id.* Additionally, appeal to § 1225(b) to justify Almazov detention may not suffice because "§ 1225 does not authorize expedited removal of individuals who have ever been paroled into the U.S." *Munoz Materano v. Arteta,* 804 F. Supp. 3d 395, 414 (S.D.N.Y. 2025) (citing *Coal. for Humane Immigrant Rts. v. Noem,* 805 F. Supp. 3d 48, 94 (D.D.C. 2025)).

For the foregoing reasons,

**IT IS ORDERED** that Respondents Cory Williams, Pamela Bondi, David Easterwood, Todd Lyons, and Kristi Noem are directed to show cause why Petitioner Iskender Almazov is not being unlawfully detained. For good cause, Respondents shall submit this information to the Court by March 6, 2026. Failure to file a response may result in sanctions by the Court, up to and including immediate grant of Almazov's requested relief.

**IT IS SO ORDERED**.

Dated this 20th day of February, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE