IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ISKENDER ALMAZOV,<br><br>　　　Petitioner,<br><br>v.<br><br>CORY WILLIAMS, in his official capacity as Chief Jail Administrator of Polk County Jail; PAMELA BONDI, in her official capacity as United States Attorney General; DAVID EASTERWOOD, in his official capacity as St. Paul Field Office Director of Immigration and Customs Enforcement and Removal Operations; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,<br><br>　　　Respondents. | No. 4:26-cv-00080-RGE-HCA<br><br><br>ORDER GRANTING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Petitioner Iskender Almazov brings a petition for a writ of habeas corpus against Respondents Cory Williams, in his official capacity as Chief Jail Administrator of Polk County Jail; Pamela Bondi, in her official capacity as United States Attorney General; David Easterwood, in his official capacity as St. Paul Field Office Director of Immigration and Customs Enforcement and Removal Operations; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Almazov alleges he was arrested and is being detained by Respondents in violation of the Constitution and laws of the United States. *Id.* ¶ 6–7. Almazov moves for an order requiring Respondents to release him from custody or provide him with a bond hearing pursuant

to 8 U.S.C. § 1226(a) within seven days. *Id.* ¶ 9.

The Court concludes Almazov's continued detention without a bond hearing violates § 1226; therefore, the Court grants in part Almazov's petition for a writ of habeas corpus.

## II.    BACKGROUND

The pertinent facts alleged in the petition are uncontested. *See* Fed. Resp'ts' Reply Pet. Writ Habeas Corpus 1–2, ECF No. 4. The petition alleges Almazov is a thirty-seven-year-old Russian native and citizen. ECF No. 1 ¶¶ 18, 49. He entered the United States on April 30, 2023. *Id.* ¶ 52; *see* Patrin Decl. ¶ 10, ECF No. 4-1. Almazov was given a Notice to Appear and paroled into the United States pursuant to 8 U.S.C. §1182(d)(5) to allow him to apply for asylum. ECF No. 1 ¶ 52–53, 55; ECF No. 4 at 1–2.

Almazov submitted an Application for Asylum and Withholding of Removal at the end of 2023. ECF No. 1 ¶ 54; ECF No. 4 at 2. This asylum application remains pending before the Immigration Court. *Id.*

On February 10 or 11, 2026, the Iowa State Patrol detained Almazov. ECF No. 1 ¶ 56; ECF No. 4 at 2. He was then turned over to Immigration and Custody Enforcement (ICE) officers. ECF No. 4 at 2. He is currently detained in Polk County Jail. ECF No. 1 ¶¶ 57–58. Almazov was scheduled to appear before an Immigration Judge on March 5, 2026. ECF No. 4 at 2.

Almazov filed a petition for a writ of habeas corpus, asserting he is being detained in violation of the Fifth Amendment (Counts I and II) and the Administrative Procedure Act (Count III). ECF No. 1 ¶¶ 60–81. Almazov requested the Court issue a show cause order to require Respondents to show why Almazov is not being unlawfully detained. *Id.* at 19. The Court issued a show cause order requiring Respondents to show cause why Almazov is not being unlawfully detained. Order Show Cause, ECF No. 2. Federal Respondents—Bondi, Easterwood, Lyons, and Mullin—filed a response in accordance with the Court's show cause order. ECF No. 4. State Respondent Williams, who has physical custody of Almazov, did not file a response.

Almazov requests the Court issue a writ of habeas corpus ordering Respondents to release him from custody or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. ECF No. 1 at 20.

The Court sets out additional facts below as necessary.

## III.   LEGAL STANDARD

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). "[T]he writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). The district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001). The district court's habeas jurisdiction also includes challenges to detention by noncitizens. *See id.*; *Jennings v. Rodriguez,* 583 U.S. 281, 292–96 (2018).

## IV.   DISCUSSION

Almazov challenges his continued detention without an individualized bond hearing. *See* ECF No. 1 ¶ 1. The Court construes Almazov's filings as asserting he is being detained pursuant to the mandatory detention framework of 8 U.S.C. § 1225(b). *See id.* ¶ 29. Federal Respondents confirm Almazov is being detained pursuant to the mandatory detention framework of § 1225(b). ECF No. 4 at 2–7. Almazov argues he is not subject to mandatory detention under the § 1225(b) framework because he was granted parole upon entering the United States and "there have been no changes to [Almazov]'s facts or circumstances t[o] support detention [now]." ECF No. 1 ¶ 80.

Federal Respondents argue Almazov is subject to mandatory detention under § 1225(b). ECF No. 4 at 2–7. Federal Respondents rely on the Fifth Circuit's holding in *Buenrostro-Mendez* to argue the terms "applicant for admission" and "seeking admission" are functionally

synonymous—therefore, noncitizens who enter the United States without admission are subject to the mandatory detention framework of § 1225(b)(2). ECF No. 4 at 2–5; *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). Federal Respondents also suggest the Court rely on a decision from the District of Nebraska to find § 1225 and § 1226 overlap such that Almazov is permissibly detained under § 1225 even if he is also subject to § 1226. *See* ECF No. 4 at 5–7; *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1141–43 (D. Neb. 2025). Neither of these decisions is binding on this Court, nor does the Court find their reasoning persuasive. The Court has discussed and rejected both of these arguments previously. *See Hernandez Marcelo v. Trump*, 801 F. Supp. 3d 807, 819–21 (S.D. Iowa 2025) (finding "a noncitizen who is 'seeking admission' to the United States can be differentiated from a noncitizen who is already present in the United States" and "[t]he two provisions [of § 1225 and § 11226] are mutually exclusive"); ECF No. 4 at 2 ("Federal Respondents acknowledge that this Court has rejected this argument," citing to *Hernandez Marcelo*). The Court adopts the reasoning previously stated in *Hernandez Marcelo* to find Almazov is not subject to mandatory detention pursuant to § 1225(b)(2). *See Hernandez Marcelo*, 801 F. Supp. 3d at 819–21.

The Court finds Almazov's continued detention without a bond hearing violates § 1226 and grants in part Almazov's petition for a writ of habeas corpus. Federal Respondents are directed to provide Almazov with a bond hearing, which shall be conducted pursuant to § 1226(a) with an individualized determination as to whether Almazov should be released on bond, within seven days of this Order.

## V.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner Iskender Almazov's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**. Federal Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this written Order. The bond hearing

shall be conducted pursuant to § 1226(a) with an individualized determination as to release on bond.

    **IT IS SO ORDERED**.

    Dated this 24th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

5